IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SHAWN DeVAZIER MANLEY, In Her Capacities
as Executrix of the Estate of Donna A. DeVazier
and as Beneficiary of the Donna A. DeVazier
Irrevocable Inter Vivos Trust No. 1
Dated December 29, 2003                                          PLAINTIFF/
                                                        COUNTER DEFENDANT

v.                          No. 2:15-cv-164-DPM

THOMAS BRADLEY DeVAZIER,
Individually, and as Trustee of the Donna A.
DeVazier Irrevocable Inter Vivos Trust No. 1
Dated December 29, 2003                                          DEFENDANT/
                                                         COUNTER CLAIMANT


SHAWN DeVAZIER MANLEY, In Her
Capacity as Executrix of the Estate of
Donna A. DeVazier                                                PLAINTIFF/
                                                        COUNTER DEFENDANT

v.                          No. 2:15-cv-165-DPM

THOMAS BRADLEY DeVAZIER, Individually,
as successor Administrator of the Estate of
Thomas B. DeVazier and as Trustee of the
Thomas B. DeVazier Marital Deduction Trust
Established December 29, 2003                                    DEFENDANT/
                                                         COUNTER CLAIMANT

## JUDGMENT

1. On Brad DeVazier's answer and counterclaim, the Court declares

that all assets in the Donna A . DeVazier Irrevocable Inter Vivos Trust No. 1

are available to pay any federal and state estate taxes on Donna's estate that are finally determined to be due. As Donna intended, this Trust is the first source for payment of these taxes. After all the taxes are paid in full, any remaining assets in the Donna A. DeVazier Irrevocable Inter Vivos Trust No. 1 must be divided equally between Shawn Manley and Brad DeVazier. This ruling represents a grant of relief on Paragraph 63 of Brad's answer and counterclaim. All other relief requested in that pleading is denied.

**2.** Counts 1 & 2 of the amended complaint are dismissed without prejudice as moot.

**3.** On Count 3 of the amended complaint, the Court declares that the Thomas B. DeVazier Marital Deduction Trust is available to pay any balance of federal and state estate taxes due on Donna's estate after the Donna A. DeVazier Irrevocable Inter Vivos Trust No. 1 is depleted for payment of those estate taxes. Shawn (as Executrix of the Donna A. DeVazier Estate) has the right under Ark. Code Ann. § 28-54-109 to collect from Brad (as trustee of the Thomas B. DeVazier Marital Deduction Trust) any remaining balance of unpaid federal and state estate taxes on Donna's estate. Shawn's demand for this balance must include the IRS's final determination of federal taxes owed. Brad has thirty days from the date of Shawn's demand to pay her the

remaining balance owed for federal and state estate taxes. All other relief requested in the complaint is denied.

**4.** Each side in each case shall bear its own costs and attorney's fees. These cases are closed.

_____
D.P. Marshall Jr.
United States District Judge

7 July 2017